# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:07-cr-00256-2 |
| JEFFREY ODUM, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the Court is Jeffrey Odum's Supplemental Motion for Compassionate Release (Doc. No. 159), based upon his Type II diabetes and obesity. (Id. at 4–5.) He has exhausted available administrative remedies, (Doc. No. 160-2), and seeks his early release after serving 125 months of his 210-month sentence for being a felon in possession of a firearm and an Armed Career Criminal. (Doc. No. 84). The Government opposes his release because he remains a danger to the community. (Doc. No. 160.) The Court agrees.

Under 18 U.S.C. § 3582(c)(1)(A), the Court may grant compassionate release to a defendant with an "extraordinary and compelling reason," including if he is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care" in prison. U.S.S.G. § 1B1.13 n.1(a)(ii). But compassionate release is proper only if the defendant is not "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

First, the Court finds that Mr. Odum does not have a "serious physical or medical condition" to qualify for compassionate release. His Type II diabetes is controlled by medicine, and at a recent doctor's appointment Mr. Odum "fe[lt] well" and "[a]ppear[ed] well." (Doc. No.

162-1 at 7.) He also receives counseling on weight loss, diet, and exercise and reported no new issues with his weight.[1] (Id. at 23–24); see United States v. Powers, No. 14-CR-20449, 2020 WL 5046886, at *5 (E.D. Mich. Aug. 26, 2020) (collecting cases denying compassionate release to inmates with obesity), (E.D. Mich. Sept. 24, 2020).

While the medical record shows that he has other medical conditions, none is a "serious physical or medical condition." His hypertension (high blood pressure) and hyperlipidemia (high cholesterol) are both controlled by medication. United States v. Tegeler, No. 3:15-CR-107, 2020 WL 5880962, at *2–3 (E.D. Tenn. Oct. 2, 2020) (denying compassionate release to inmate who was obese and had high cholesterol); United States v. Ackerman, No. 11-740-KSM-1, 2020 WL 5017618, at *5 (E.D. Pa. Aug. 25, 2020) (collecting cases denying compassionate release to defendants with hypertension appropriately controlled by medication). He is meeting all "treatment goal[s]" for his hypertension, (Doc. No. 162-1 at 26), and his hyperlipidemia is "doing great" with a "normal lipid profile." (Id. at 24). His eye conditions—presbyopia, cataracts, and retinopathy—are monitored in prison with annual exams and do not otherwise diminish his health. (Doc. No. 162-1 at 11.)

Mr. Odom was found guilty after a trial of being a felon in possession of a firearm. In addition, he was at that time a member of the Vice Lord street gang. He needed a firearm due to possible gang violence. At sentencing, he was found to be an Armed Career Criminal based on two robbery convictions and a conviction for engaging in a conspiracy to sell cocaine. This activated the mandatory minimum sentence of 15 years. His criminal history category was VI

---

[1] Mr. Odum is diagnosed as diabetic (Doc. No. 162-1 at 23), and, based on his height and weight, he has a body mass index of 36.5 that qualifies him as "obese." Ctrs. for Disease Control and Prevention, Adult BMI Calculator, https://www.cdc.gov/healthyweight/assessing/bmi/adult/_bmi/english_bmi_calculator.html (last visited Nov. 10, 2020).

because of 17 criminal convictions. Mr. Odum's pattern of violent criminal activity makes him a danger to the public and himself. The sentencing goals of deterrence, just punishment and respect for the law would not be served by his release short of the mandatory minimum of 180 months. The standards under § 3142g and § 3553a do not allow his release. 18 U.S.C. § 3142(g). Mr. Odum's participation in educational and job training programs, do not outweigh his history of dangerous conduct.

For the above reasons, Mr. Odum's Supplemental Motion for Compassionate Release (Doc. No. 159) will be denied.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE